301 So.2d 321 (1974)
STATE of Louisiana
v.
Edward Charles WHITE.
No. 54708.
Supreme Court of Louisiana.
October 11, 1974.
Murphy W. Bell, Director, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Bryan E. Bush, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
A new Cadillac automobile was stolen from a dealership in Baton Rouge on July 22, 1973. The automobile was recovered in Los Angeles, California, on July 27, 1973 while in the possession of defendant and his wife, at which time defendant was arrested by the Los Angeles police and returned to the police authorities in Baton Rouge.
Defendant was charged by bill of information with felony theft in violation of *322 Article 67 of the Criminal Code. After trial by a five-man jury, he was found guilty and sentenced to serve six years at hard labor. On this appeal he relies on three of the five bills of exceptions reserved at the trial.

Bill 1
Officer Achee of the Baton Rouge Police Department was called by the State as a witness to give the background of defendant's arrest. He testified that he was assigned to the auto theft division of the police department. In that capacity, he received a report of the stolen automobile. He also testified that he had been contacted by the Los Angeles police. Before he could testify further as to the content of the message, defense counsel objected that it was hearsay. Whereupon the State argued that the evidence was being tendered "not for the truth of the utterance, but for the fact that the utterance was made by the Los Angeles Police Department, put on the teletype, and this officer received it...." The objection was overruled, the ruling of the court allowed the introduction of the evidence for the limited extent for which it was submitted by the State. Defense counsel reserved this bill to the ruling.
Following this ruling, Officer Achee testified as to the content of the teletype message. It disclosed that the Los Angeles police had recovered a 1973, tan Cadillac with a brown top in defendant's possession. This was the description of the automobile Officer Achee had previously broadcast as stolen as a result of a report to him of its theft.
This situation seems to fit within the well-known rule that evidence is non hearsay which is offered not to prove the truth of the facts recited, but to prove that the utterance occurred, in this case to prove that a teletype had been sent by the Los Angeles police. State v. Raymond, 258 La. 1, 245 So.2d 335 (1971); State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971). But we will not rest our decision on this basis, for the ruling was harmless in view of the testimony of Officer Wilson of the Baton Rouge police. He went to California to obtain transfer of custody from the California authorities. At that time, he testified, defendant requested that Officer Wilson take him to the stolen automobile to collect his personal effects. The key they used to open the Cadillac was on a key ring with a number of keys belonging to defendant. Also defendant admitted that he drove the automobile from Baton Rouge to Los Angeles. La.Code Crim.Proc. art. 921.
This bill has no merit.

Bill 2
This bill was reserved when the trial judge refused defendant's motion for a directed verdict. The contention is that the State failed to prove that defendant intended to deprive the owner of the automobile permanently, an essential element of the crime.
In a jury trial, a defendant is entitled to a directed verdict only "if the evidence is insufficient to sustain a conviction." La.Code Crim.Proc. art. 778. This requirement has been interpreted to mean that a directed verdict is proper only when there is no evidence to prove the crime or an essential element thereof.[1] State v. Douglas, 278 So.2d 485 (La.1973). This record makes clear that the car was stolen and driven by defendant to California where it was recovered a week later. From this *323 fact alone the jury could infer the defendant's intent.
This bill is without merit.

Bill 5
During the trial, the defendant took the witness stand and, on cross-examination, admitted to convictions of auto theft, forgery, theft, and issuing worthless checks. Thereafter, following defense counsel's closing argument, during rebuttal, the State's attorney referred to previous crimes for which the defendant had been convicted. He said, "This isn't his first go round. He was in jail, he was convicted of auto theft, forgery, and I don't remember what other crimes that he said he was convicted of when he was on the stand." Defense counsel objected to this argument and moved for a mistrial based upon Article 770 of the Code of Criminal Procedure which requires the granting of a mistrial when a remark by the district attorney within the hearing of the jury refers to "Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible."
After his ruling denying a mistrial, the judge admonished the jury that evidence of other crimes admitted in evidence could only be considered in determining credibility of the accused; and it could not be considered on the question of guilt or innocence.
Evidence of prior crimes was admissible to question defendant's credibility when he chose to testify on his own behalf. Since he admitted these crimes, no ground for a mistrial resulted from the prosecutor's remarks. The evidence alluded to was admissible. Article 770 does not apply. The bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
NOTES
[1] The author of this opinion adheres to the view expressed in his dissent in State v. Douglas, 278 So.2d 485 (La.1973), to the effect that the directed verdict which permits the judge to determine that an accused is "not guilty" is contrary to the Louisiana Constitution.