323 So.2d 801 (1975)
STATE of Louisiana, Appellee,
v.
Ollie WILLIAMS, Appellant.
No. 56588.
Supreme Court of Louisiana.
December 8, 1975.
*802 J. Marc Lampert, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Ralph W. Kennedy, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of theft of over five hundred dollars value, La.R.S. 14:67 and sentenced to ten years at hard labor. He appeals.
His single assignment of error urges that no evidence at all proves a theft. The assignment is based upon the denial of a new trial sought on this contention. The accused contends that, at the most, the evidence indicates a failure to pay the purchase price of an automobile he had purchased.
The factual context of this prosecution is as follows:
The defendant Williams obtained a used car from a sales lot. One morning, he appeared there as a prospective buyer. He took a 1970 Buick to test drive it. He later called the sales manager to say he was going to buy it and would be back shortly, although still undecided whether to pay cash or finance the purchase.
He and the Buick never returned. He checked out of his local motel and left town. The defendant and the Buick were located a month later in Indiana. During the interval, he never communicated with the sales lot.
The defendant essentially contends that the evidence shows there was a completed sale, not a theft. He relies upon Civil Code Article 2456, which provides that a sale is completed as soon as there is an agreement between the buyer and the seller on the object and the price, even though the price is not paid and the object not delivered. The evidence does show that the seller offered the vehicle for $1,595 and that (by the telephone conversation) the buyer stated he accepted the offer.
The argument overlooks that, even if there were a completed sale, the statutory crime of theft may be committed.
La.R.S. 14:67 defines the offense as follows: "Theft is the misappropriation or taking of anyting of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may by the subject of the misappropriation or taking is essential." (Italics ours.)
As thus defined by the 1942 criminal code, (now La.R.S. 14:67), the crime of *803 theft includes not only a taking without consent, but also both a fraudulent conversion of property of another by one lawfully in possession of it with the consent of the owner (i.e., the former crime of "embezzlement", see LaFave and Scott, Criminal Law, Section 89 (1972)), as well as the obtaining of title to property of another by knowingly false representations or practices (i.e., the former crime of "obtaining property by false pretenses", see Id, Section 90), with the intent to deprive the victim permanently of his property. See also Reporter's Comments, Article 67 of the Louisiana Criminal Code, enacted by Act 43 of 1942.
Under the facts shown, there was evidence from which the jury could reasonably find that, with the intent to deprive the seller permanently of the Buick offered for sale, the defendant obtained possession of the Buick by knowingly false and fraudulent representations of his intention to purchase it.
The evidence of the essential elements of the crime includes:
After obtaining possession of the vehicle through the negotiations, the defendant failed to return to complete them but instead disappeared from the vicinity without further communication. The car and the defendant were only located a month later at a distant place in another state after investigation.
Thus, there was some evidence which the jury could reasonably accept as proving each of the essential elements of the crime charged, including the intent to deprive the owner permanently of his property. See, e.g., State v. White, 301 So.2d 321 (La.1974). The motion for a new trial does not lie unless there is no evidence of the offense or of any of its essential elements. It was properly denied. Accordingly, we do not find merit to the assignment of error. The conviction and sentence are affirmed.
Conviction and sentence affirmed.