GUIDRY, Judge.
The defendant, Edward Thibodeaux, was charged by bill of information with the *822 crime of theft of furniture and appliances valued at $2,875.00 in violation of LSA-R.S. 14:67. The jury returned a verdict of theft of property valued at $750.00. The defendant was sentenced to serve two years in the parish jail, which sentence was suspended. He was placed on supervised probation for a period of two years subject to the special conditions that he pay the court costs and make restitution during the probationary period. In addition, the court sentenced the defendant to pay a fine of $1,000.00 or in default thereof, to serve 60 days in the parish jail. The defendant appeals his conviction, claiming the verdict is contrary to the law and the evidence.
FACTS
On March 1,1981, the defendant, Edward Thibodeaux, and Pamela Rome began renting on a monthly basis by oral lease, a furnished house at 712 17th Street, Lake Charles, Louisiana, owned by Mr. and Mrs. Alexander Rougeau. In addition, Mr. Thi-bodeaux, Mr. and Mrs. Rougeau and their son, Reuvan Rougeau, acting as agent for his parents, began negotiating for a sale of the leased property by the Rougeaus to Thibodeaux and an exchange of the furniture in the house for defendant’s promise to make repairs to the house. The parties’ versions of the nature and terms of the oral agreement vary widely. At trial, Mr. Alexander Rougeau and the defendant testified that the agreement to exchange the furniture for repairs made to the house was independent of any option or agreement to purchase the house. On the other hand, Mrs. Alexander Rougeau and Reuvan Roug-eau testified that the exchange was somehow contingent upon an agreement or option to purchase the house. The parties to the agreement also dispute the extent of repairs which were to be made to the house. The defendant and Reuvan Rougeau assert that the repairs required were mainly to the front porch roof, together with some minor plumbing repairs. On the other hand, Mr. Alexander Rougeau testified that the repairs were more extensive. Finally, the parties disagree as to the extent of the repairs actually performed. The defendant testified that he repaired the porch roof, replacing some of the rafters which were rotten, putting down new plywood, felt and rolled roofing. His testimony in this regard was corroborated by three witnesses. The defendant further testified that he repaired the commode. On the other hand, the State’s witnesses testified that the only repairs consisted of a single unpainted board nailed across the top of the front porch, i.e., a facia board. There was no photographic evidence presented at trial regarding the extent of the repairs made.
On June 16, 1981, the defendant moved out of the leased premises, without notifying the Rougeaus, taking with him all of the furniture and some of the appliances. At this time, defendant was delinquent in his rent payments. It is undisputed that the defendant never attempted to conceal his whereabouts and, in fact, left a forwarding address at the leased premises. Upon discovering the furniture missing, the Rougeaus filed charges against the defendant for theft which resulted in the present prosecution. The defendant contacted an attorney who advised him that the matter was civil and not criminal in nature.
ASSIGNMENT OF ERROR
The defendant asserts as error that the verdict is contrary to the law and evidence, in that, the State did not sufficiently prove the essential elements of the offense.
A person commits the crime of theft when he misappropriates or takes anything of value which belongs to another either without the consent of the other or by means of fraudulent conduct, practices or representations. The person must act with the specific intent to deprive the owner permanently of his property. LSA-R.S. 14:67.
The defendant contends that the State failed to sufficiently prove the following essential elements of the crime of theft: (1) that the taking was either without the consent or by fraudulent means or representation; and, (2) that the defendant acted with the specific intent to deprive the owner *823 permanently of his property. See State v. Pittman, 368 So.2d 708 (La.1979).
The due process clause of the Fourteenth Amendment requires this court to review the evidence upon which a criminal conviction was based to determine whether it is minimally sufficient. A defendant has not been afforded due process, and his conviction cannot stand unless viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The State relies on the circumstance that the defendant admittedly disposed of the furniture to infer that the defendant acted with the specific intent to deprive the owner permanently of his property. See State v. White, 301 So.2d 321 (La.1974); and, State v. Williams, 323 So.2d 801 (La.1975).
It is clear that intent need not be proven as a fact but may be inferred from the circumstances of the transaction. LSA-R.S. 15:445; State v. McKinnon, 317 So.2d 184 (La.1975). However, where circumstantial evidence is used to prove an essential element of the crime, we must determine whether viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. LSA-R.S. 15:438; State v. Honeycutt, 438 So.2d 1303 (La.App. 3rd Cir.1983). Citing State v. Morris, 414 So.2d 320 (La.1982); State v. Ennis, 414 So.2d 661 (La.1982).
In the instant case, even though the defendant admitted that the taking was knowingly done, he attempted to rebut the inference of the requisite criminal intent by testimony tending to show that he reasonably believed that he had a legal right to take and appropriate the property. See State v. Rives, 193 La. 186, 190 So. 374, at 377 (1939).
The record reveals that all of the parties to the agreement concerning the exchange of the furniture, assert the existence of a binding agreement although they dispute the nature and terms of said agreement. The negotiations were apparently conducted over a period of time both with the Rougeaus and their agent son, Reuvan Rougeau, who differ among themselves as to the terms negotiated. Under the circumstances of this case, the fact that the defendant disposed of the property does not evidence criminal intent to the exclusion of other reasonable hypotheses. Particularly where the defendant never attempted to conceal his whereabouts from the Rougeaus and where his refusal to return the property was predicated on the advice of his attorney that the matter was civil and not criminal in nature.
The State cites State v. Williams, supra, for the proposition that even where there is a completed sale, the statutory crime of theft may be committed. However, in the cited case, the facts supported a finding of the requisite criminal intent. In this ease, the evidence simply does not reasonably support the inference of mens rea or criminal intent. It is this state of mind that normally distinguishes criminal acts (punishable by the State alone) from mere civil wrongs (actionable by private individuals against one another). State v. Bias, 400 So.2d 650 (La.1981).
For the foregoing reasons, we conclude that viewing the evidence in this case in a light most favorable to the prosecution, no rational trier of fact could conclude beyond a reasonable doubt that every reasonable hypothesis of defendant’s innocence had been excluded.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution precludes a second trial once a reviewing court finds the evidence at the first trial to be legally insufficient to support a guilty verdict. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1980).
Accordingly, defendant’s conviction and sentence are reversed and a judgment of acquittal is entered.
REVERSED AND RENDERED.