463 So.2d 663 (1985)
STATE of Louisiana
v.
Claude ROBINSON.
No. KA 1780.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, BARRY and LOBRANO, JJ.
GARRISON, Judge.
The defendant, Claude Robinson, was charged by bill of information with theft over $500.00 by means of fraudulent representation in violation of LSA-R.S. 14:67[1] and with falsely representing himself as an attorney in violation of LSA-R.S. 37:213(5). Prior to trial, the State entered a nolle prosequi as to the violation of R.S. 37:213(5). As for the 14:67 violation, the defendant was found guilty as charged and was sentenced to serve four years at hard labor with credit for time served. The trial judge stated that this sentence is to run consecutively with any sentence imposed in Jefferson Parish for charges pending in those courts. Defendant appeals his conviction.
The facts of this case are as follows: The defendant received a phone call in May, *664 1982 from Conrad Norman who has been incarcerated in the Louisiana State Penitentiary at Angola since 1973. A fellow inmate had recommended the defendant to Norman as someone who could help Norman obtain a transfer from Angola to a satellite prison. According to Norman, the defendant told Norman in a second telephone conversation that he could have him transferred in two weeks to a month either to the State Police Barracks in Baton Rouge or to Jackson Barracks in New Orleans. The defendant also allegedly promised Norman that he could eventually have him placed in a work release program. The defendant told Norman that he would require a payment of $500.00 for his services. Norman telephoned the defendant the next week and told him to contact Norman's parents for the $500.00 payment. Norman told his mother that the defendant was a paralegal working out of a lawyer's office. However, the defendant refused to divulge the name of the lawyer.
At trial Norman's mother, Mrs. Adele Norman, and his two sisters, Adeline and Christina, testified that they were contacted in May, 1982 by the defendant who told them that he was a lawyer and that he could have Conrad Norman transferred to a satellite prison and later placed in a work release program. At a second meeting at the Norman home, the defendant presented Mrs. Norman with a contract entitled "Contract for Investigation Work". Mrs. Norman testified that the defendant told her that according to this contract, he would have Conrad Norman moved to a Baton Rouge satellite prison in two weeks for a fee of $500.00.[2] Mrs. Norman gave the defendant a check for $500.00 but the defendant refused to accept a check. After cashing the check, Mrs. Norman gave the defendant $500.00 in cash. After this meeting, Mrs. Norman claims that the defendant called her and said that he had some papers for her. However, Mrs. Norman never saw these papers and never saw or heard from the defendant again. Mrs. Norman called the Louisiana Bar Association and was informed that no attorney was listed by the name of Claude Robinson.
At trial, Conrad Norman admitted that he had received several bad behavior writeups while at Angola. This testimony was elicited by the defense to demonstrate the low probability of a transfer being granted to Norman.
A review of the record reveals that there are no errors patent.
In his only assignment of error, the defendant contends that the State failed to prove beyond a reasonable doubt either that the fraudulent representations were material or that an unauthorized taking had occurred. The defense argues that because the defendant had only agreed to make every effort he could, he therefore had fulfilled his promise under the contract.
As stated in the theft statute, an intent to permanently deprive the other of something of value is essential to the crime. This intent may be proved by circumstantial evidence. According to LSA-R.S. 15:438, the rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. We conclude that the State has not proven fraudulent intent beyond a reasonable doubt in this case.
In the case of State v. Hoffer, 420 So.2d 1090 (La.1982), the defendant falsely represented himself as a licensed and bonded auctioneer. The defendant was ultimately unable to pay his debts arising from the auction. He was subsequently tried and found guilty of theft by fraudulent representation. The Louisiana Supreme Court reversed the defendant's conviction holding that although the defendant's non-payment of debts was consistent with the intention *665 not to pay, it was not sufficiently indicative of intention not to pay to exclude beyond a reasonable doubt the intention to pay. Therefore, it was concluded that the State had failed to prove beyond a reasonable doubt that the defendant had the requisite intent to fraudulently deprive the auction owner of his property. Hoffer, p. 1093.
In the present case, the State argues that Hoffer is inapplicable because the defendant's alleged misrepresentation as a lawyer was not his only misrepresentation. Additionally, the State claims, the Norman family relied on the defendant's alleged unequivocal promise that he could have Conrad Norman transferred from Angola to a satellite prison and later to a work release program. The State also stresses that the intent element in this charge was a determination made by the jury after viewing the evidence as a whole.
Although the defendant's alleged misrepresentation that he was a lawyer may have led the Norman family to believe that he had a greater ability to perform, the State did not present sufficient evidence of the defendant's inability to effect a transfer or of his lack of effort in attempting to secure a transfer for Conrad Norman. Because this case is based on circumstantial evidence, this conviction must be reversed because the State failed to eliminate every reasonable hypothesis of innocence. The State did not prove by sufficient evidence that the defendant had the intent to fraudulently deprive the Norman's of their property. As pointed out in the defendant's brief, the State could have obtained records from the Louisiana State Penitentiary to demonstrate whether or not the defendant had made any efforts to obtain a transfer for Conrad Norman. If the defendant had made any effort at all, then his actions would not fall within the theft statute, LSA-R.S. 14:67.
For the reasons stated above, the defendant's conviction is reversed.
REVERSED.
NOTES
[1] LSA-R.S. 14:67 states in part:

Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
[2] It should be noted that Mrs. Norman never signed the contract and that the contract did not state what the job was or that the job would be completed in two weeks.