GARRISON, Judge.
The defendant, Ricky Clark, was charged by bill of information with theft of property valued in excess of five hundred dollars in violation of LSA-R.S. 14:67.[1] The defendant was found guilty as charged by the trial judge and was sentenced as a multiple offender to ten years at hard labor with “no good time”. Defendant appeals his conviction and sentence.
On November 20, 1982, Charles Givens brought his 1978 Cadillac automobile to a car wash on South Claiborne Avenue in New Orleans. The manager of the car was instructed the defendant, a car wash employee, to drive Givens home and then return Givens’ car to the car wash. After several hours, Givens returned to the car wash to inquire about his car and was told that the defendant had never returned to the car wash with Givens’ car and that the defendant’s whereabouts were unknown. Two weeks later, Givens was notified that his car had been found abandoned and stripped in Baton Rouge. The defendant was arrested soon thereafter and charged with theft of the 1978 Cadillac automobile.
A review of the record reveals that there are no errors patent.
The defendant asks that the record also be reviewed to determine whether sufficient evidence was presented to sustain a conviction of theft. The defendant was charged by the bill of information with “theft of a 1978 Cadillac automobile of the value in excess of $500.00 belonging to one Charles Givens”. It is the burden of the State to prove all of the elements of theft. These elements include: (1) that there be a misappropriation or taking, (2) that the misappropriation or taking be of a thing of value, (3) that the thing belong to another and (4) that the misappropriation or taking be with the intent to deprive the other permanently of that which is the subject of the taking. State v. Pittman, 368 So.2d 708 (La.1979).
The testimony of Charles Givens sufficiently established a misappropriation *791 or taking of a thing belonging to another without consent. An intent to deprive Givens permanently of his automobile may be inferred from the circumstances in light of the fact that the car was found abandoned in Baton Rouge. State v. Williams, 323 So.2d 801 (La.1975).
As for the element of value, Givens testified that he paid approximately seventeen thousand dollars for the 1978 automobile. The Louisiana Supreme Court has held that absent a showing that the owner lacks knowledge of the value of a movable, his testimony regarding its value is generally admissible but the weight to be accorded such testimony becomes an issue for jury resolution. State v. McCray, 305 So.2d 433 (La.1974). In this case, a jury could have found that Givens’ testimony sufficiently established that the car had a value in excess of five hundred dollars at the time of the theft.
Therefore, viewing the evidence in the light most favorable to the prosecution, we conclude that a rational juror could have found the defendant guilty beyond a reasonable doubt of theft of property valued in excess of five hundred dollars. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979).
For the reasons stated above, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. LSA-R.S. 14:67 states:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.