GULOTTA, Judge.
Darlene Saucier appeals from a conviction of attempted theft of property valued under $100.00 for failing to pay for a dog she purchased. Because we conclude the evidence was insufficient to prove defendant had a specific intent to deprive the owner permanently of the value of his animal on the date charged in the Bill of Information, we reverse and set aside the conviction and sentence.
On August 2, 1981, in response to a newspaper advertisement offering an AKC English bulldog for sale, Saucier entered into a written contract with Charles H. McLoughlin to mate his male dog with Saucier’s female dog. Saucier took custody of the dog and in payment promised to give McLoughlin one puppy from the first litter expected in February or March, 1983, at which time McLoughlin was to give defendant the dog’s registration papers.
Defendant took the animal to a veterinarian and attempted to have the dogs bred by artificial insemination on August 5, 1982, and again in March, 1983, but was unsuccessful. According to McLoughlin and his father, when it became apparent that no puppies would be produced, Saucier agreed to purchase the dog for cash. She neither paid the purchase price nor returned the animal, however.
In June, 1983, Stan McLoughlin, record owner of the dog, filed a complaint with the Justice of Peace. Saucier was subsequently charged with violating LSA-R.S. 14:67. The Bill of Information stated that on August 2, 1982, Saucier had committed a theft by fraud in taking the dog having a value of $400.00. A six person jury convicted her of attempted theft of property valued under $100.00.
Appealing, defendant argues that the evidence is insufficient to convict because the State failed to show she had a criminal intent to deprive McLaughlin of his dog when she took custody of it. Specifically, Saucier points out that her attempts to breed the dogs pursuant to her written promise to McLaughlin establish that she intended to fulfill her obligations under the contract, and did not intend to misappropriate the animal. According to defendant, although her failure to return the dog or pay cash for the animal might give rise to a civil action by the McLoughlins for breach of contract, the facts do not support a criminal conviction for theft or attempted theft of the animal. We agree. Accordingly, we reverse and set aside the jury’s guilty verdict.
To commit the crime of attempted theft, the State is required to establish that the defendant had a specific intent to commit theft (which requires an intent to deprive the victim of his property permanently) coupled with an act for the purpose of and tending directly toward the theft. *586 LSA-R.S. 14:27; R.S. 14:67; State v. O’Neal, 328 So.2d 100 (La.1976).
Cases interpreting the theft statute indicate that a defendant lacks the requisite intent when he makes an effort to pay the victim or to honor a promise made to him. In State v. Hoffer, 420 So.2d 1090 (La.1982), a defendant was charged with theft by fraud after he misrepresented himself as a bonded and licensed car dealer, signed bank drafts for fourteen cars at an auction, and subsequently paid only three of the drafts. At trial, defendant denied any intention not to pay for the fourteen vehicles when he obtained them at the time of auction. In reversing defendant’s conviction, the Supreme Court noted that even though the defendant’s eventual failure to pay eleven drafts may have been consistent with a pre-existing intent not to pay at the time he signed the drafts, the evidence did not exclude beyond a reasonable doubt the possibility that he had intended to honor all of the drafts when he made them, especially where he had honored three of them after reselling three vehicles.
Similarly, in State v. Robinson, 463 So.2d 663 (La.App. 4th Cir.1985), we likewise held that the State had failed to prove the defendant’s intent to fraudulently deprive the alleged victims of their property when he falsely described himself as an attorney and took $500.00 in payment from them after promising to transfer their incarcerated relative from the state prison at Angola to a satellite prison and a work release program. In reversing the conviction in Robinson, we stated that if the defendant had made any effort at all to obtain the promised transfer then his actions would not fall within the theft statute, LSA-R.S. 14:67. We concluded that the State had failed to present sufficient evidence to demonstrate the defendant was unable to effect the transfer or had not made any effort to carry out his promise.
Applying the Hoffer and Robinson holdings to the instant case, we conclude the State has failed to prove defendant’s requisite criminal intent on August 2, 1982 as charged in the Bill of Information. Saucier’s attempt to breed the dogs as promised negates a specific criminal intent. When viewed in the light most favorable to the State, the evidence is insufficient to support a conviction for the offense as charged.
Accordingly, defendant’s conviction is reversed and set aside, and defendant is discharged from custody.
CONVICTION REVERSED AND SET ASIDE; DEPENDANT DISCHARGED.