DOMENGEAUX, Judge.
Appellant, Gene Hernandez, was charged by indictment of two counts of theft of an amount of $500.00, which are violations of La. R.S. 14:67. He was tried by a jury and convicted of both counts on November 7, 1985. He was sentenced to serve five years at hard labor for each count with the sentences to run concurrently.
FACTS
On September 11, 1984, Gene Hernandez presented a VCR and two video-tapes to a cashier of a Target Store. He represented to the cashier that he would be paying by check. Defendant presented the cashier with a Louisiana Public Office Money Certificate. The cash register would not accept the instrument as a check so the cashier was told by her superior to ring it up as a cash sale. The cashier accepted the instrument as payment; and Mr. Hernandez left the store with the merchandise.
On September 17, 1984, employees at Huard’s Curtis Mathes received and processed an order for a 25-inch color television set to be delivered to Gene Hernandez. Mr. Hernandez again represented that he would be paying for this merchandise with a check. When the television was delivered, Mr. Hernandez presented the employees of Huard’s with a Louisiana Public Office Money Certificate. The employees accepted this as payment for the television and left.
Target and Huard’s presented these instruments to their banks, which rejected them. The instruments were returned to Target and Huard’s unpaid. Target treated this as a bad check and referred it to its collection bureau. A letter was sent to Mr. Hernandez, warning him of the legal consequences of his actions. He ignored the letter. Huard’s sent two employees to Mr. Hernandez’s residence to collect the money owed them or to recover the television. They were told by Mr. Hernandez to put any complaints they had in writing. They returned a second time and were told that they were trespassing and to leave the premises. Huard’s subsequently recovered its television when it was seized in a separate civil action. Criminal proceedings were instituted against Mr. Hernandez for these actions.
ASSIGNMENT OF ERROR NO. 1
Appellant claims the trial court erred in failing to grant a mistrial based on the State’s reference to inculpatory statements made by the defendant in the State’s, opening argument. Reference to inculpatory statements in the State’s opening argument is prohibited by La. C.Cr.P. Art. 767. Ap *1183 pellant claims a mistrial is warranted based on this Article.
The portions of the opening statement to which defendant objects read as follows:
“The cashier asked him at the time of presentation—presumably, you walk up to the counter with your items. The cashier states, “How will you pay for this, cash, check or change?” The defendant said, “Check”, and presented an instrument to the cashier at that time....
What he did, was call back Huard’s and said I would like that TV set. Have it delivered to me at a particular place.”
The State shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant. La. C.Cr.P. Art. 767. An incul-patory statement is an out-of-court admission of incriminating facts made by the defendant after the crime has been committed. State v. Reynolds, 473 So.2d 886 (La. App. 3rd Cir.1985). In Reynolds, the State referred in its opening statement to remarks made by the defendant to the victim during the commission of the crime. The court found this was not an inculpatory statement under the provisions of Article 767. The court held defendant’s motion for mistrial was correctly denied.
In the instant case, the defendant’s statements, which the prosecutor referred to in his opening statement, were made during the commission of the offense. As in Reynolds, supra, the statements are not considered to be inculpatory statements because they were not made after the crime had been committed. Consequently, Article 767 does not prohibit the prosecutor from mentioning them in his opening statement. The trial court did not err in denying a mistrial on this ground.
ASSIGNMENT OF ERROR NO. 2
Appellant claims the court erred in finding that the State proved beyond a reasonable doubt two essential elements of theft:
(a) fraudulent conduct, practices or misrepresentations, and
(b) an intent to permanently deprive the owner of the thing.
(a) FRAUDULENT CONDUCT
Appellant argues that the instruments defendant used in paying for the items were in the nature of IOU’s, but the defendant never made any representation of the instruments as checks, and that the victimized parties never made any attempt to collect on the instruments from defendant.
Defendant used three instruments, known as Louisiana Public Office Money Certificates, to obtain a VCR from Target and a television from Huard’s. On cross-examination, defendant admitted that Louisiana Public Office Money Certificates are worthless until a determination is made as to what money of account of Louisiana is. Defendant admitted that no such determination had been made at the dates he used the instruments to pay for the merchandise; therefore, the instruments were worthless at the time he passed them.
The standard of review for sufficiency of the evidence is could a rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 660 (1979).[1]
In the instant case, Emily Saboe, a cashier at Target, testified that defendant said he would pay for the VCR with a check. Kerry Kieft, an employee of Huard’s, testified that defendant said that he had to “pick up a check” before he could take delivery of a television. The jury could have found that defendant misrepresented these instruments as checks. An intent to *1184 defraud can be found from this. An intent to defraud could also be found in defendant’s giving what he knew was worthless paper for something of value. Either way the defendant misrepresented the instruments as having value when he knew they did not.
The case of State v. Hoffer, 420 So.2d 1090 (La.1982), which defendant cites, is distinguishable from this case. In Hoffer, the defendant misrepresented himself as a licensed, bonded auto dealer. The court held that this misrepresentation could not be used to prove that defendant did not intend to pay. In the instant case, defendant misrepresented the instruments he used as payment as having value when they did not. A trier of fact could find this to mean defendant had no intent to pay.
In State v. Thibodeaux, 441 So.2d 821 (La.App. 3rd Cir.1983), the Court reversed defendant’s conviction because the Court found that when defendant took the property, he acted under a reasonable belief that he had a legal right to the property. In the instant case, defendant could not have reasonable believed that Target or Huard’s would give him merchandise for worthless paper. The Thibodeaux case is inapplicable to the instant situation.
In State v. Robinson, 463 So.2d 663 (La.App. 4th Cir.1985), the Court reversed defendant’s conviction because it found that while defendant’s misrepresentation that he was a lawyer may have led the victim to believe that he had a greater ability to perform the function he was hired to perform, the State failed to prove that defendant was unable to perform the function. In this case, defendant misrepresented that he was willing and able to pay for the merchandise he received, when in fact he was unable to pay. The Robinson case is inapplicable.
All of the cases defendant relies on are distinguishable from the instant case. The defendant in the instant case, directly misrepresented that the instruments with which he was buying merchandise had value when he knew they had no value. This is a misrepresentation of defendant’s willingness and ability to pay. In the other cases, the defendants never misrepresented an ability to pay for merchandise. The trial court did not err in finding fraudulent conduct or practices in this case.
(b) INTENT TO PERMANENTLY DEPRIVE
Defendant argues that he did not have the intent to permanently deprive because he never attempted to avoid location by Target or Huard’s and because the merchandise was eventually recovered.
Intent need not be proven as a fact, but may be inferred from the circumstances. State v. Thibodeaux, supra. In Thibodeaux, an important fact was that the defendant never attempted to conceal himself. However, the defendant in Thibo-deaux had a legal claim to the property and had been advised by an attorney that the matter was civil in nature, not criminal.
In the instant ease, defendant never attempted to conceal himself. He put his address on both instruments. But, when Huard’s employees attempted to obtain payment on the instrument like going to defendant’s address, he refused to pay. Defendant did not offer to return the television at that time. One can infer from this an intent to permanently deprive. Defendant abandoned the television when he left the address. This does not negate the intent to permanently deprive, since he did not attempt to return it to Huard’s. Huard’s had to seize the television in a civil proceeding. A reasonable trier of fact could conclude that the defendant intended to permanently deprive the owners of the merchandise. This assignment of error, therefore, has no merit.
ASSIGNMENT OF ERROR NO. 3
Appellant claims the trial court erred in convicting defendant since his conviction was in violation of defendant’s constitutional rights and protections under the First Amendment of the United States Constitution and Article I, Section 1 of the Louisiana Constitution. He argues that his actions merely constitute criticism of the *1185 government and that these actions are therefore constitutionally protected.
The First Amendment of the United States Constitution and Article 1, Section 7 of the Louisiana Constitution protect freedom of speech and expression. Defendant’s conduct constituted theft. Theft is not conduct protected under these constitutional provisions. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 4
Appellant claims the trial court erred in preventing the defendant from presenting his defense through the testimony of Ray Green, thereby compelling the defendant to testify against himself in violation of his constitutional rights. The prosecutor made numerous objections, most of which were sustained, to the relevancy of Ray Green’s testimony. The questions objected to called for Mr. Green to state his opinion or his beliefs about the value of the Public Office Money Certificates. These questions were properly excluded as irrelevant because evidence of Mr. Green’s beliefs would not have shown that defendant did not commit the offense or did not intend to commit the offense.
The opinions and beliefs of defendant about the value of the Louisiana Public Office Money Certificate would be relevant. The proper party to testify as to these beliefs would be defendant. Defendant was not compelled to testify unless he wanted to present this evidence in his defense. The State did not compel defendants to testify as to any facts which constituted an element of the offense. By refusing to admit irrelevant evidence, the court did not violate defendant’s constitutional rights. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 5
In this assignment of error, appellant claims the trial court erred in commenting upon the evidence during the testimony of Ray Green and in its jury charge. Appellant argues that it was improper for the judge to question Ray Green and to have inserted the value of the items stolen in the jury charge.
Article 772 of the Code of Criminal Procedure prohibit the judge from commenting upon the evidence in the presence of the jury. In State v. Williams, 375 So.2d 1379 (La.1979), the court held that the no-comment rule does not bar a trial judge from asking clarifying questions so long as it is done in an impartial manner which does not indicate his opinion. The court reversed Williams’ conviction because the trial judge conducted eight pages of intense cross-examination of the defendant’s expert witness.
In the instant case, the trial judge asked one clarifying question when the witness admitted he did not understand the question the prosecutor asked. Under these circumstances, Williams is not controlling, and the trial judge’s questioning was proper.
In the jury charge, the judge referred to the value of the property stolen, as it was alleged in the indictment, stating the following:
“The defendant in this ease is charged with theft of one VCR and two tapes, valued at five hundred fifty-five dollars and some cents. He is also charged on another count of theft, of a color television set, value of one-thousand thirty-eight dollars and seventy-five cents.”
In making these remarks, the trial judge was restating the charges made against the defendant as they appeared in the indictment. She was not recapitulating testimony or expressing an opinion on what facts were proved or not proved at trial; nor was she expressing an opinion on the defendant’s guilt or innocence. Therefore, this assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 6
Appellant claims the trial court erred in failing to read its proposed jury charges which included Article 1, Section 10 of the United States Constitution and the Louisiana Benchbook charge on mistake of law.
*1186 Article 807 of the Code of Criminal Procedure provides that a special charge shall be given if it does not require qualification, limitation, or explanation and if it is wholly correct or pertinent. Article 1, Section 10 of the United States Constitution is a provision which prohibits the states from doing certain acts. This is completely irrelevant to the charge of theft. A mistake of law charge provides that a mistake of law can be a defense if the defendant was relying on Supreme Court decisions in taking his actions. In the instant case, defendant pointed out no decisions upon which he was relying for his defense. This jury charge would have been irrelevant. Therefore, this assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 7
This assignment of error was not briefed and is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NO. 8
Appellant claims the trial court erred in sentencing the defendant to an unconstitutionally excessive sentence. Appellant lists a series of what he claims are mitigating factors, under La. C.Cr.P. Art. 894.1, which the trial judge ignored.
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be within its statutory limits and still be violative of a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).[2] A trial judge, however, is given wide discretion in the imposition of a sentence within the statutory limits, and only when there is an abuse of discretion will the sentence be set aside as excessive. State v. Sepulva-do, supra.
The maximum sentence for theft is ten years imprisonment at hard labor. The defendant was convicted of two counts of theft. He could have received up to twenty years imprisonment. During the sentencing hearing, the trial judge gave her reasons for sentencing. Although not listing every factor in Article 894.1 of the Code of Criminal Procedure, the trial judge did cover many of them. The record reflects that the trial judge adequately considered the sentencing guidelines of Article 894.1. There was no manifest abuse of discretion in the sentence. This assignment of error, therefore, has no merit.
For the above and foregoing reasons the conviction and the sentence of the defendant are affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than “second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983): State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La. 1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.