515 So.2d 570 (1987)
STATE of Louisiana
v.
William C. CROSBY.
No. 86 KA 1550.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
William R. Campbell, Jr., New Orleans, for State.
Marion B. Farmer, Covington, for appellant.
Before WATKINS, CARTER and CHIASSON[*], JJ.
WATKINS, Judge.
William C. Crosby was convicted by a jury of the crime of theft of property valued at over $500.00, a violation of LSA-R. *571 S. 14:67. He was subsequently sentenced to serve five years at hard labor. Defendant appeals his conviction and sentence, urging five assignments of error, as follows:
1. The failure of the trial judge to advise the jury that they were not to discuss and deliberate the case before the trial had ended.
2. The failure of the trial court to declare a mistrial when it was discovered that the jury was in fact, discussing and deliberating the case, actively and vigorously, before the trial had ended.
3. The failure of the trial judge to grant the defendant a new trial on the basis that there was not sufficient evidence introduced to prove beyond a reasonable doubt that this was a criminal matter.
4. The failure of the trial court to grant a new trial on the basis that no criminal intent was proven on the part of the defendant.
5. The sentence imposed was excessive under the circumstances.
Because we find that assignment of error No. 4 has merit, the requisite intent not having been proven, we reverse the conviction and sentence, and do not consider the merit of the other assignments of error.
In May or June of 1984, Woodrow Morgan hired William C. Crosby to do the plumbing work on a new house being constructed for him in Folsom, Louisiana. The plumbing work was to be done for a contract price of $3200.00, which was to be paid in three installments. Defendant completed part of the plumbing work, including installation of one cast iron tub and one water heater, and submitted a bill to Morgan for $1000.00, which was immediately paid. In the course of construction, Morgan and defendant verbally agreed to delete a second cast iron tub and a second water heater, and to substitute a cast iron whirlpool tub. With the deletion of the tub and heater and the addition of the whirlpool tub, the contract amount was increased by $1900.00.
On July 16, 1984, defendant informed Morgan that the whirlpool tub had arrived, and asked for a check for $1900.00, which Morgan's wife immediately wrote him, drawn on her joint account with Morgan.
When defendant failed to deliver the whirlpool tub the next day, Morgan contacted defendant, who informed Morgan that the tub that had come in was chipped, and he would get another one, which would arrive the next week.
Several days elapsed after the expected arrival of the tub. Telephone calls were made to defendant without success. Finally, Morgan stopped defendant in his truck near Slidell and inquired about the whirlpool tub. Defendant gave various excuses for not having installed the tub sooner, and promised to install it that afternoon or the next day.
Defendant did not deliver the tub. Morgan went to Southern Pipe and Supply Company, the company through which the whirlpool tub had been ordered, and was informed that the tub had not been paid for. Morgan wrote a check to Southern Pipe for $2030.00, and picked up a whirlpool tub. Defendant cashed the check, and has never repaid Morgan the $1900.00. Defendant did not finish the job of installing Morgan's plumbing and contends the $1900.00 represents partial payment of the second installment due.
With regard to assignment of error No. 4, we note initially that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for post-verdict judgment of acquittal. See LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La. App. 1st Cir.1983). However, we will review sufficiency of the evidence when raised by formal assignment of error and briefed.
On review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that defendant committed the essential elements of the crime beyond a reasonable doubt. LSA-C. Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
LSA-R.S. 14:67 provides in part:

*572 Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
An essential element of the crime of theft is a specific intent to permanently deprive the victim of his property. Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the transaction and the actions of defendant. LSA-R.S. 15:445.
Intent to defraud must be proven to have existed at the time the possession of the allegedly stolen object began. State v. Hoffer, 420 So.2d 1090 (La.1982); State v. Buchanan, 463 So.2d 660 (La. App. 4th Cir.1985); State v. Saucier, 485 So.2d 584 (La. App. 4th Cir.1986).
In the present case, it is not proven that defendant Crosby intended fraudulently to deprive Morgan of the $1900.00 at the time he received the check. The fact that Crosby did in fact order the whirlpool tub and that the tub arrived chipped indicates that Crosby was in good faith when he received the check. In fact, subsequent bad faith has not been proven. There may have been a genuine contractual dispute, as defendant argues.
All in all, the record is devoid of even convincing circumstantial evidence of an attempt to defraud on the part of Crosby. As a key element of the crime of theft has not been proven, the conviction and sentence must be reversed.
Accordingly, the conviction and sentence are reversed, and the defendant is ordered discharged.
REVERSED.
CARTER, J., dissents.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.