LeBLANC, Judge.
The defendant, Curtis Walter[1] a/k/a Lorenzo Theall, was charged by bill of information with theft of a value of $500.00 or more, in violation of LSA-R.S. 14:67. He pled not guilty and, after trial by jury, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information and, after a hearing, the defendant was adjudicated a fourth felony habitual offender. He received a sentence of thirty years at hard labor, with credit for time served. The defendant has appealed, alleging six assignments of error, as follows:
1. The trial court erred in denying the defendant’s motion to suppress incul-patory statements.
2. The trial court erred in allowing State Exhibits 1 through 5 to be admitted into evidence.
3. The trial court erred in adjudicating the defendant a fourth felony habitual offender.
4. The trial court erred in denying the defendant’s motion for new trial.
5. The trial court erred in denying the defendant’s motion for post-verdict judgment of acquittal.
6. The trial court erred in imposing an excessive sentence.
Assignments of error numbers one and two were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
At approximately 5:00 o’clock a.m. on August 21, 1989, the defendant stole a red, 1986 Pontiac Trans Am belonging to Carlton Sandidge. The victim was awake at the time. He heard the defendant start the engine and ran outside in time to see the vehicle pull out onto the road with no lights. The victim immediately telephoned the sheriff’s office and reported the theft and the direction in which the vehicle was headed. Minutes later, the defendant was apprehended in the car. After he had been advised of his Miranda rights, he informed the officers that his name was Lorenzo Theall, that he had no driver’s license, and that he had stolen the vehicle.
Subsequently, the defendant gave two separate tape-recorded statements. In the second statement, the defendant admitted his real name and informed the officers that he stole the vehicle in order to strip parts from it. According to the defendant, he intended to take the “T-tops,” seats, and other parts and sell them in Houston, Texas.
At the trial, the victim related the circumstances of the offense and specifically testified that he had not given the defendant permission to take the vehicle. Several Terrebonne Parish Sheriff's deputies testified about the circumstances surrounding the defendant’s arrest and his subsequent inculpatory statements. The defendant did not testify, nor did the defense produce any other witnesses or evidence.
ASSIGNMENT OF ERROR NO. THREE:
In this assignment of error, the defendant contends that the trial court erred in adjudicating him to be a fourth felony habitual offender. The defendant does not contest the proof of the three predicate felony convictions or his identification as the same person who committed these *1025 predicate convictions. Instead, he contends only that the State failed to establish that the five year cleansing period provided in LSA-R.S. 15:529.1 C had not elapsed.
The defendant’s three prior felony convictions all occurred in Texas. At the habitual offender hearing, the State introduced into evidence certified copies of two grand jury indictments, one bill of information, and other documents concerning the defendant’s three prior felony convictions. This documentary evidence established the following. In case number 446296, the defendant was charged by a Harris County grand jury indictment with unauthorized use of a motor vehicle which occurred on April 1, 1986. The defendant pled guilty on August 12, 1986, and was placed on probation for five years. In case number 14,284-C, the defendant was charged by a Walker County grand jury indictment with unauthorized use of a motor vehicle which occurred on November 2, 1986. The defendant pled guilty to this offense on January 9, 1987, and received a sentence of five years with the Texas Department of Corrections. On February 20, 1987, the defendant’s probation for the first felony conviction was revoked; and he received a sentence of four years with the Texas Department of Corrections. In case number 49462, the defendant was charged in a Jefferson County bill of information with unauthorized use of a motor vehicle which occurred on October 9, 1987. He pled guilty to this offense on January 4, 1988, and received a sentence of ten years with the Texas Department of Corrections.
The instant offense occurred on August 21, 1989. Therefore, the documentary evidence introduced at the habitual offender hearing established that the defendant committed the three Texas felony convictions and the instant conviction within a period of five years and, therefore, evidence as to the defendant’s discharge dates from prison for the three Texas felony convictions was unnecessary. There is no doubt that the documentary evidence introduced at the habitual offender hearing established that the five year cleansing period provided in LSA-R.S. 15:529.1 C had not expired. Therefore, the trial court correctly adjudicated the defendant to be a fourth felony habitual offender.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NO. FOUR:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a new trial. In his brief to this Court, in support of his assertion that the trial court should have granted a new trial, the defendant cites all of the arguments relating to the other assignments of error. Finding no merit to those assignments of error, we likewise find no merit to the defendant’s cumulation of errors argument.
ASSIGNMENT OF ERROR NO. FIVE:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal. Specifically, the defendant contends that the evidence was insufficient to support the instant conviction.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (1990).
LSA-R.S. 14:67 provides, in pertinent part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
An essential element of the crime of theft is a specific intent to permanently deprive the victim of his property. State v. Banta, 589 So.2d 1088, 1090 (La.App. 1st Cir.1991). Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the *1026 transaction and the actions of the defendant. See LSA-R.S. 14:10(1); State v. Crosby, 515 So.2d 570, 572 (La.App. 1st Cir.1987).
In his brief to this Court, the defendant contends that the State failed to prove that he intended to permanently deprive the owner of his vehicle. Instead, the defendant contends that the evidence was sufficient to support only a conviction of the responsive offense of unauthorized use of a movable. See LSA-R.S. 14:68. The defendant specifically refers to the testimony of Terrebonne Parish Sheriffs Deputy Allen Carpenter, Jr., to the effect that the defendant stated after his arrest that he intended to leave the victim’s car on the side of the road. However, the defendant’s argument ignores the most significant portion of his inculpatory statement to Deputy Carpenter. Deputy Carpenter also testified that the defendant stated that he was going to take the “T-tops,” seats, and other parts from the car and sell them in Houston. Considering Carpenter’s testimony as a whole, the most obvious interpretation of the defendant’s inculpatory statement was that he intended to leave the car on the side of the road after stripping it. Considering the above, we are convinced that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that the defendant committed the offense of theft of a value of $500.00 or more. Accordingly, the trial court correctly denied the defendant’s motion for post-verdict judgment of acquittal.
This assignment of error is meritless. ASSIGNMENT OF ERROR NO. SIX:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1 (prior to its amendment by Act 22, Sec. 1, of 1991). The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Before imposing sentence, the trial court reviewed the presentence investigation report and noted that the defendant had been adjudicated a fourth felony habitual offender based on three prior Texas felony convictions for unauthorized use of a motor vehicle. The court noted that, based on the defendant’s prior criminal activities, it was likely that he would continue to engage in similar criminal conduct as soon as he was able to do so. The trial court found that the defendant’s conduct was not excused or justified and that the victim had not induced or facilitated this offense. The court concluded that the defendant was in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offense. Our review of the sentencing transcript indicates that the trial court thoroughly complied with the Article 894.1 guidelines.
For his conviction of theft of $500.00 or more, upon being adjudicated a fourth felony habitual offender, the defendant was exposed to a minimum sentence of twenty years and a maximum sentence of life imprisonment. See LSA-R.S. 14:67 and 15:529.1 A(3)(a). The defendant received a sentence of thirty years at hard labor, which was clearly within the lower range of the sentencing scale. Considering *1027 the circumstances of the instant offense, the defendant’s criminal record, his adjudication as a fourth felony habitual offender, and the reasons for sentencing given by the trial court, we conclude that the instant sentence is not excessive.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.

. The defendant is identified in the record as both Curtis Walter and Curtis Walters. The bill of information identifies him as Curtis Walter.