This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                         **NO. 29,064**

**DARRELL AKERS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Defendant appeals the judgment and suspended sentence of the district court

adjudicating him guilty of fraud over $250, a fourth degree felony, after a jury trial. He contends on appeal that the evidence was insufficient to support his conviction.

When reviewing for sufficiency of the evidence, we determine whether substantial evidence of either a direct or circumstantial nature exists to support the verdict beyond a reasonable doubt as to each element essential for conviction. *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988); *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86. We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994).

"Fraud consists of the intentional misappropriation or taking of anything of value that belongs to another by means of fraudulent conduct, practices or representations." NMSA 1978, § 30-16-6(A) (2006). The district court instructed the jury that to convict Defendant of fraud, the State was required to prove the following elements beyond a reasonable doubt: (1) Defendant, "by words or conduct, made a promise he had no intention of keeping, intending to deceive or cheat Darlene Lang[];" (2) "[b]ecause of the promise," and Lang's "reliance on it," Defendant obtained $2500 (3) that did not belong to him.

Defendant contends that the evidence of guilt was insufficient because the

2

evidence did not demonstrate his criminal intent to defraud Lang when he promised to make the repairs. Specifically, Defendant contends that the State failed to present evidence that at the time he received the $2500 check, he did not intend to purchase and install the heating/cooling unit. However, when we review the evidence supporting the jury's verdict under our standard of review, we reach the opposite conclusion.

Defendant had been performing duct, heating, and cooling work on a house being built by Lang and Michael White. He had been paid for portions of the duct work. Lang and White testified that Lang gave Defendant a check in the amount of $2500 to purchase the heating and cooling units for the house. Lang wrote "'HVAC equipment'" on the check. She left the payee portion of the check blank because she did not know if the check should have been made payable to Leonard Meeks, Defendant's employer, or whether Defendant was planning to purchase the equipment in another manner. Lang did acknowledge that she understood that Defendant was not performing the work for Meeks but rather as a job on his own. Both Lang and White testified that Defendant never installed the heating and cooling units and never returned the money. Lang stated that the check was cashed the same day as she delivered it to Defendant and that Defendant's name had been inserted as the payee of the check. White testified that Defendant's family contacted White to inform him

that Defendant had been arrested in California. Defendant's teenage son offered to perform the work. The son was not licensed, and the district attorney's office had advised White and Lang not to have further contact with Defendant's family.

From this evidence, the jury could reasonably have concluded that Defendant promised that he would purchase and install the heating and cooling equipment, did not intend to do so, and obtained the check from Lang because she relied on his promise. Indeed, the jury could reasonably infer the necessary intent to deceive from Defendant's actions of immediately cashing the check, leaving for California, failing to notify Lang and White, and failing to purchase the equipment, perform the work or return the money. Although Defendant's son offered to perform the work, he did so after Lang and White had notified the authorities. The jury had the prerogative to reject Defendant's interpretation of the facts. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

We note that Defendant cites the Louisiana cases of *State v. Hoffer*, 420 So. 2d 1090 (La. 1982), and *State v. Saucier*, 485 So. 2d 584 (La. Ct. App. 1986), in support of his position. Saucier relies on *Hoffer*. *Saucier*, 485 So. 2d at 586. As addressed in *Hoffer*, however, a statute in Louisiana requires that when circumstantial evidence is used to convict of a crime, "it must exclude every reasonable hypothesis of innocence." *Hoffer*, 420 So. 2d at 1092 n.6. In New Mexico, circumstantial evidence

is sufficient to support a guilty verdict, particularly as to the issue of intent. *See State v. McGee*, 2004-NMCA-014, ¶ 15, 135 N.M. 73, 84 P.3d 690.

**CONCLUSION**

There was sufficient evidence to support Defendant's conviction. We affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**